# Joseph D. Wolons, Jr. v. Town of Hubbardton

[557 A.2d 505]

No. 87-290

Present: **Allen, C.J., Peck, Gibson and Dooley, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed December 30, 1988

*Joseph D. Wolons, Jr., pro se,* Waldwick, New Jersey, Plaintiff-Appellant.

*Keyser, Crowley, Banse & Facey, P.C.,* Rutland, for Defendant-Appellee.

**Dooley, J.** Taxpayer appeals from a decision of the Vermont State Board of Property Tax Appraisers setting the value of his properties on Lake Beebe in Hubbardton for 1986. One property consisted of two lots and a house reduced by the Board to $122,160 from the board of civil authority's valuation of $130,380; a separate parcel of raw land was set by the Board at $32,400, after the board of civil authority had reduced the listers' valuation from $43,200 to $36,000. We affirm the Board's decision as to both properties.

The principal argument raised by taxpayer is that the State Board:

> failed to address the fact that land on Beebe Lake is not assessed consistently with land on other lakes and accepted the Town's $200 per foot assessment for land rated a "5". This $200 per foot is unsubstantiated and no basis was put forth in support of it.

This is the same argument raised by the taxpayer in *Sondergeld* v. *Town of Hubbardton,* 150 Vt. 565, 556 A.2d 64 (1988), a case that also dealt with the valuation of land on Lake Beebe in Hubbardton for 1986 and which considered arguments indistinguishable from those of taxpayer in the present appeal.

The only argument not covered specifically by our decision in *Sondergeld* is taxparer's assertion that the Board erred in deciding that the second parcel of land "is at its highest and best use as it is undeveloped raw land . . . ." Not only does taxpayer's brief fail to support with adequate details what is little more than an argument heading, but a review of its decision reveals that the Board actually reduced the grade of the property from a 5 to a 4 "without a perk test to show if it can be developed." Taxpayer does not indicate what further relief he is entitled to on his parcel of raw land, beyond the general arguments paralleling those in *Sondergeld* and adequately discussed in that opinion.

*Affirmed.*